## Township of Robinson v. Municipal Authority of the Township of Robinson

*William P. Bresnahan,* for plaintiffs.
*Leo J. Kelly,* for defendant.

Scheib, *J.,* November 23, 1983—The salient facts in this rather complicated proceeding are as follows:

On January 2, 1971, Daniel W. Besseck and Irma M. Besseck, his wife, (hereinafter referred to as the Bessecks) purchased the property which is the subject of these consolidated cases, and which is located in the Township of Robinson, County of Allegheny and Commonwealth of Pennsylvania.

On June 8, 1971, Bessecks executed a right-of-entry agreement wherein they permitted the Municipal Authority of the Township of Robinson (hereinafter referred to as MATR) to enter upon their property for the purpose of installing a public sanitary sewer line.

On September 7, 1971, MATR filed a declaration of taking at no. 2557 October term, 1971, which condemned a right-of-way over the Bessecks' property for sewer construction purposes. Said right-of-

way was duplicated on Exhibit E of the declaration of taking.

On November 13, 1971, contractors for MATR entered upon the Bessecks' property and constructed a sanitary sewer pipe line in, under and across the Bessecks' land in an area over which it had right-of-way. Said construction occurred in an area not depicted on Exhibit E attached to the declaration of taking filed at no. 2557 October term, 1971.

On February 15, 1972, MATR filed a declaration of relinquishment at no. 2557 October term, 1971, which relinquished MATR's interest in the right-of-way condemned on September 7, 1971. Said declaration of relinquishment was filed within one year of the filing of the declaration of taking and, therefore, did not require the consent of the Bessecks.

On December 29, 1973, MATR filed a declaration of taking at no. 2342 January term, 1974, which condemned a right-of-way over the Bessecks' property for sewer construction purposes. Said right-of-way was depicted on Exhibit U of the declaration of taking. It was filed over two years after the actual installation of the sewer line which was permitted by the aforesaid right-of-entry.

On July 15, 1976, MATR filed a petition for the appointment of viewers at G.D. 76-15490 and pursuant thereto, the court of common pleas appointed viewers to take testimony concerning the declaration of taking filed at no. 2342 January term, 1971. A view and hearing took place and the report of viewers dated March, 2, 1979, determined the assessment of benefits to be "nothing".

On March 30, 1979, the Bessecks filed an appeal from the report of viewers to the court of common pleas at G.D. no. 79-8282.

On or about October 17, 1981, counsel for the Bessecks received a letter from counsel for MATR,

which was dated October, 26, 1981. Said letter was written about the appeal filed at G.D. no. 79-8282 which concerned itself with the declaration of taking filed at no. 2342 January term, 1974. It stated:

"I am enclosing a copy of the new survey of the above property made by Bankson Engineers, Inc.

You will note the actual location of the sewer is outside of the right-of-way condemned and farther away from the building line.

Since the actual location of the sewer pipe improves the development possibilities of the front of the property, we would like to suggest a settlement in which the condemned right-of-way is released and shifted over the sewer pipe to perhaps a width of less than 20 feet".

On December 18, 1981, the Bessecks filed a petition for the appointment of viewers at G.D. no. 81-33656 alleging that:

1. MATR had constructed a sanitary line across the Bessecks property on November 29, 1973, in a location not covered by any of the de jure takings;

2. The letter of Leo J. Kelly dated October 26, 1981, was an admission by MATR that they had constucted the sanitary sewer line outside the condemned right-of-way;

3. That the construction of the sanitary sewer line outside the condemned right-of-way constituted a de facto taking of the area used for the construction; and

4. That the first notice of knowledge which the Bessecks had of said construction outside the condemned right-of-way was the letter from Leo J. Kelly dated October 26, 1981.

On January 8, 1982, MATR filed preliminary objections to the petitions for the appointment of viewers asserting, inter alia, that:

"the declaration of taking filed at no. 2342 Janu-

ary term, 1974 depicted only an approximate location of the sanitary sewer;

the statute of limitations had expired; and the Bessecks had full knowledge of the actual location before receiving the letter of Leo J. Kelly dated October 26, 1981."

On January 26, 1982, Bessecks filed an answer to the preliminary objections of MATR.

On July 14, 1982, Bessecks filed a petition for the appointment of viewers at G.D. no. 82-13408 alleging that MATR filed a declaration of taking on September 7, 1971, and owed damages to Besseck as a result of same.

On July 26, 1982, MATR filed preliminary objections to the petition for the appointment of viewers asserting the statute of limitations and that the board of viewers had heard the claim, made a decision, and it had been appealed to the court of common pleas.

On November 11, 1982, the cases at G.D. no. 81-33656 and G.D. no. 82-13408 were consolidated.

Therefore, at the time of the hearing for the preliminary objections to the appointment of viewers the cases had the following status:

A. no. 2557 October term, 1971:

1. Declaration of Taking—9-7-71

2. Declaration of Relinquishment—2-15-72

The taking had therefore been relinquished and no issue was before the Court of Common Pleas.

B. no. 2342 January term, 1974:

1. Declaration of Taking—November 29, 1973

2. Petition for Viewers—July 15, 1976 (G.D. 76-15490)

3. Appeal to Common Pleas—March 30, 1979 (G.D. 79-8282)

The issue of fair market value was awaiting trial but was being delayed pending the determination of

the two preliminary objection issues mentioned below.

C. G.D. 81-33656:

    1. Petitioner for Viewers—December 18, 1981

    2. Preliminary Objections—January 8, 1982

    3. Answer to Preliminary Objections—January 26, 1982

    4. Consolidation with G.D. 82-13408—December 21, 1982

The issues raised by the preliminary objections had to be determined by the court of common pleas.

D. G.D. 82-13408:

    1. Petition for Viewers—July 14, 1982

    2. Preliminary Objections—July 26, 1982

    3. Consolidated with G.D. 81-33656—December 21, 1982

The issues raised by the preliminary objections had to be determined by the court of common pleas.

On April 15, 1982, October 19, 1982 and on December 21, 1982, evidentiary hearings were conducted by the court. The main issue for determination was whether or not the sanitary sewer line was constructed within the condemned right-of-way. Paul McDermott, Professional Engineer for L. Robert Kimball and Associates and Thomas Smit, Professional Land Surveyor for L. Robert Kimball and Associates testified on behalf of MATR. L. Robert Kimball, Engineers has been the MATR engineers at the time of the construction of the sanitary sewer line. The professional engineer gave no expert opinion on the principal issue before the court. The surveyor did give an opinion, and a summary of his opinion testimony is that although initially it appeared that the sanitary sewer line was not constructed within the right-of-way condemned at no. 2342 January term, 1974, it factually was. The basic reason for the ostensible inaccuracy was a number of errors in the alignment of the various property tract descriptions toward each

other since the realignment of Steubenville Pike. Mrs. Irma Besseck, one of the property owners, was also called by MATR.

William B. Gordon, Professional Engineer for Bankson Engineers, Inc., the consulting engineering firm which replaced L. Robert Kimball Engineers as the consultants for MATR after the construction of the sanitary sewer line and before the hearings conducted by this court, also testified. Mr. Gordon presented testimony and an engineering plan which depicted the actual location of the sanitary sewer line to be in an area not covered by the condemned right-of-way. It was his opinion that the sanitary sewer line was not constructed within the right-of-way condemned.

After giving much consideration to the testimony and exhibits introduced by both parties, and after giving particular weight to the expertise of the witnesses, their interest, bias, prejudice and credibility, it is the opinion of this court that the sanitary sewer line constructed on the Bessecks' property at the direction of MATR is not within the right-of-way condemned at no. 2342 January term, 1974. Furthermore, it is the opinion of this court that the MATR-ordered construction of the sanitary sewer line outside the right-of-way constituted a de facto taking of a right-of-way over the Bessecks' property.

MATR also raises the statute of limitations as a defense claiming that the declaration of taking as well as actual construction both took place at a time more than six years before the filing of the petition for the appointment of viewers herein. Section 524 of the Pennsylvania Eminent Domain Code states:

"Limitation Period. A petition for the appointment of viewers for the assessment of damages for a condemnation or compensable injury may not be filed after the expiration of six years from the date on which the condemnor made payment in accordance

with section 407(a) or (b) of this act where the property or any part thereof has been taken, or from the date of injury where the property has been injured but no part thereof has been taken. If such petition is not filed before the expiration of such period, such payment shall be considered to be in full satisfaction of the damages." In the subject case no payment was made by MATR to Bessecks; in fact, no notice or knowledge of the de facto taking was received by the Bessecks until the October 26, 1981 letter from MATR's counsel. Therefore, the statute of limitations had not only not expired, it had not commenced to run, and the proceedings are not time-barred.

In addition, even if the statute of limitations sections of the Judiciary Act Repealer Act (JARA), 42 Pa. C.S. §5527 (4) and §5530, are reviewed and considered applicable, the statue of limitations had not expired because no payment had been made by MATR to Bessecks, and, therefore, the statute had not commenced to run.

It is, therefore, the decision of this court that the preliminary objections of MATR filed at G.D. no. 81-33656 are dismissed.

However, it is also the decision of this court that the declaration of relinquishment filed by MATR at no. 2557 October term, 1971, relinquished all of the interest which MATR had obtained by reason of its declaration of taking filed on September 7, 1971, at the same number and term. As a matter of fact, both counsel so stipulated at the hearings before this court. The preliminary objections of MATR filed at G.D. no. 82-13408 are, therefore sustained. An appropriate order will follow.

## ORDER OF COURT

And now, this November 23, 1983, it is ordered, adjudged and decreed that the preliminary objections to the petition for the appointment of viewers filed by the Municipal Authority of the Township of Robinson at no. G.D. 81-33656 be and the same are hereby dismissed; and the preliminary objections at no. G.D. 82-13408 are hereby sustained; and that the Prothonotary of Allegheny County shall file a copy of this opinion and order at each of the above-captioned general docket numbers.